1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT GRUNDSTEIN, ESQ., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE/ROB MCKENNA/AG; J. GEORGE APPEL/SNOHOMISH SUPERIOR COURT/2ND FLOOR; CHIEF JUSTICE B. MADSEN/CHAIR, BOARD FOR JUDICIAL ADMINISTRATION, <br><br> Defendants. | CASE NO. C12-283MJP <br><br> ORDER DISMISSING CASE WITH PREJUDICE |

This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction and Federal Rule 12(b)(6) for failure to state a claim. (Dkt. No. 11.) Having reviewed the motion, Plaintiff's materials in opposition (Dkt. Nos. 15, 16), Defendants' reply (Dkt. No. 18), and all related filings, the Court GRANTS Defendants' motion and DISMISSES this action with prejudice. The Court DENIES Plaintiff's motion to amend because amendment would be futile. (Dkt. No. 19.)

ORDER DISMISSING CASE WITH PREJUDICE- 1

**Background**

Although draped in constitutional rhetoric, this case is about a dispute between two brothers over their mother's estate. Plaintiff Robert Grundstein, an inactive member of the Washington bar, seeks an injunction requiring the state superior court to rehear his case, this time allowing him to cite an unpublished opinion that he thinks will swing the outcome in his favor. (Dkt. No. 1 at 16-17.)

This began as a Washington state court dispute between Plaintiff and his brother, Leon Grundstein, over their deceased mother's half-share membership interest in an assisted living community, Scribner Gardens, LLC. Grundstein v. Grundstein, Case No. 09-2-07764-7; (Dkt. No. 1 at 6). Plaintiff asked the Snohomish County Superior Court to consider the LLC membership to be a real estate asset and to partition it pursuant to RCW 7.52 et seq. (Dkt. No. 1 at 7-8.) In support of his argument that a LLC share should be considered a real estate asset, Plaintiff cited an unpublished Washington Court of Appeals decision, Carroll v. Elzey, 146 Wn.App. 140 (2008), 2008 WL 3906353.

Pursuant to Washington State General Rule (GR) 14.1, which prohibits the citation to unpublished opinions of the Court of Appeals, the trial court refused to consider the unpublished case and ruled against Plaintiff. (Dkt. No. 1 at 7-8.) Plaintiff appealed to the Washington Court of Appeals, which affirmed the trial court. Grundstein v. Grundstein, 162 Wn.App. 1059, 2011 WL 3055381 at 1. Plaintiff sought review by the Washington Supreme Court, but was denied. Grundstein v. Grundstein, 173 Wn.2d 1015 (2012).

Plaintiff's constitutional argument here is that GR 14.1 violates his Fifth Amendment right to due process and his Fourteenth Amendment right to equal protection. (Dkt. No. 1 at 9-

ORDER DISMISSING CASE WITH PREJUDICE- 2

10.) This is because, Plaintiff says, when a court denies precedential value to unpublished opinions, "[s]ome parties will get the benefit of precedent, others won't." (Id. at 9.)

Defendants assert that Plaintiff's claims for retrospective relief must be dismissed under the Rooker-Felman doctrine, which provides that lower federal courts lack subject matter jurisdiction to consider claims that seek to reverse state court decisions. (Dkt. No. 11 at 4.) In addition, Defendants assert that Plaintiff lacks standing to pursue his claims for prospective relief because a favorable decision would not redress his claimed injury. (Id.) Defendants also raise a number of other arguments, including Eleventh Amendment immunity, judicial immunity, and failure to state a claim. (Id. at 11-14.)

**Discussion**

A. Legal Standards

The question of subject matter jurisdiction is properly raised by a party through a motion under Fed. R. Civ. P. 12(b)(1). United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003). Once raised, "[t]he party asserting federal jurisdiction has the burden of establishing it." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In considering a motion to dismiss under Federal Rule 12(b)(6), a court must accept all plaintiff's well-pled factual allegations as true and must draw all reasonable inferences in plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, Rule 12(b)(6) requires a court to dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In considering a motion to dismiss pursuant to Rule 12(b), the Court may consider documents upon which the

complaint relies, which are effectively incorporated by reference, as well as public records subject to judicial notice. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

B. Rooker-Feldman

To the extent Plaintiff seeks retrospective relief, he is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). This doctrine is subject to two significant limitations. First, Rooker-Feldman applies only when a losing party in state court seeks to relitigate the same matter. In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Second, Rooker-Feldman does not bar actions by non-parties to the state court judgment, even if they were in privity with a party to the judgment. Lance v. Dennis, 546 U.S. 459 (2006).

Neither limitation applies here. First, Plaintiff raised his constitutional challenges in both his appellant brief before Division I of the Court of Appeals and his motion for discretionary review by the Washington Supreme Court. In his appellant brief to the state court of appeals, Plaintiff argued that it was "unconstitutional" for the court to refuse to follow unpublished cases because "[t]he judiciary cannot act as a legislature and change the principles of jurisprudence which existed and applied at the time the Constitution was drafted." (Dkt. No. 12 at 35.) In his motion for review in the Washington Supreme Court, Plaintiff argued "it is unconstitutional to deny [unpublished opinions] as a violation of 5th Amendment Due Process and 14th Amendment Equal Protection." (Dkt. No. 17 at 22.)

Even if Plaintiff's constitutional arguments were unclear in his state court briefing, they are still barred here because they are "inextricably intertwined with the state court's decision

ORDER DISMISSING CASE WITH PREJUDICE-
4

such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Even if Plaintiff had not raised his constitutional challenge to GR 14.1 in state court, he had the opportunity to do so. See Bianchi, 334 F.3d at 902. Therefore, his claim is barred. Id.

    C.  Collateral Estoppel

Plaintiff's constitutional claim is also barred by the doctrine of collateral estoppel. "Whether a prior state court judgment precludes relitigation of an identical claim in federal court depends on the preclusion rules of the state." Gupta v. Thai Airways Int'l, LTD, 487 F.3d 759, 765 (9th Cir. 2007). Under Washington law, collateral estoppels applies when (1) the issue decided in the prior case is identical with the one presented in the second; (2) the prior case ended in a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior case; and (4) the doctrine does not work an injustice. Hanson v. City of Snohomish, 121 Wn.2d 552, 562 (1993).

Plaintiff had a full and fair opportunity to litigate his constitutional challenge to CR 14.1, and indeed raised these constitutional issues in his state court proceedings. (Dkt. No. 12 at 35; Dkt. No. 17 at 22.) Plaintiff's state court action ended in a final judgment on the merits. (Dkts. No. 12, 17.) Although the present case includes new parties, the party "against whom the doctrine [of collateral estoppels] is asserted," Robert Grundstein, was a party in the prior proceedings. (Id.) Plaintiff also does not show that a manifest injustice would occur if he is precluded from bringing this claim. See State Farm Mut. Auto. Ins. Co. v. Aver, 114 Wash.App. 299, 306 (2002). Finally, Plaintiff's proposed amendment (Dkt. No. 19) does not save his claim because Plaintiff has had prior opportunity to raise these issues in his state court proceedings.

ORDER DISMISSING CASE WITH PREJUDICE- 5

D. <u>Standing</u>

Finally, to the extent that Plaintiff seeks prospective relief, his claim must be dismissed because he does not have standing under Article III. To satisfy the "irreducible constitutional minimum of standing," a plaintiff must allege: (1) an injury-in-fact that is "concrete and particularized" and "actual or imminent not conjectural or hypothetical"; (2) the injury is fairly traceable to the challenged action of the defendant, not the result of the independent action of a third party; and (3) it is likely, not merely speculative, that the alleged injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

Even if the Court were to invalidate the rule, it would not affect Plaintiff's now-final state court case or any other active case in which he is involved. (Dkt. No. 11 at 10.) Plaintiff must show a "significant likelihood" that the rule will be applied to him again in the future. <u>Canatella v. State of California</u>, 304 F.3d 843, 852 (9th Cir. 2002); <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 181 (2000). Plaintiff makes no such showing.

### Conclusion

Because Plaintiff's appeal for retrospective relief is barred by the Rooker-Feldman doctrine and collateral estoppel, and because his appeal for prospective relief is barred for lack of standing, the Court GRANTS Defendants' motion and DISMISSES this action with prejudice. Because the Court does not have subject matter jurisdiction, it need not reach the issues of immunity or adequacy of Plaintiff's claim under Rule 12(b)(6). Plaintiff's motion to amend is DENIED as futile. The clerk is ordered to provide copies of this order to all counsel.

Dated this 28th day of June, 2012.

Marsha J. Pechman
United States District Judge